1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN RAZO RAMIREZ,                         No.  2:16-cv-0234 KJN P

12              Plaintiff,

13        v.                                    ORDER

14   BRIAN DUFFY,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff is a mentally ill inmate with a history of attempted suicide.  After close

19   of business on Friday, May 20, 2016, the undersigned was notified that plaintiff had filed a letter

20   threatening to kill himself "very soon."[1]  (ECF No. 11.)  Plaintiff claims that he is in "immediate

21   great jeopardy imminent danger" [sic] due to the nature of his conviction as well as "too many

22   real enemies" in the prison population.  (Id.)  While not entirely clear, it appears that plaintiff

23   claims he has been housed in "nonstop" indoor lockdown in "complete isolation" since April 15,

24   2016.  (ECF No. 11 at 1.)  Plaintiff seeks transfer back to Mule Creek State Prison, where he

25   claims he was safely housed from 2007-2014.  (Id.)

26   _____

27   [1]  On Friday, court staff immediately contacted, by e-mail, the special master in Coleman v.
     Brown, No. 2:90-cv-0520 KJM KJN P (E.D. Cal.), who responded that "we will do our best to
28   have Mr. Ramirez examined."

                                        1

1    In his complaint, plaintiff alleges that he is in danger from other inmates based on their

2    allegedly wrongful belief concerning the nature of his conviction.  In addition, plaintiff alleges

3    that his mental health is being made worse by prison officials' decision to house him in "nonstop

4    lockdown."  Plaintiff seeks transfer to Bravo Yard, two men cell housing at Mule Creek where he

5    alleges he was successfully housed from 2007 to 2014.  Plaintiff alleges that his life is in "very

6    grave risk of imminent immediate danger" from enemy inmates and that prison officials are

7    enabling such other inmates to cause plaintiff harm.  (ECF No. 1.)  Plaintiff seeks effective

8    protective housing and open yard exercise mental health therapy.

9    Based on concerns after receiving previous filings by plaintiff, the court sought a response

10   from the Supervising Deputy Attorney General.  A special response was provided on February

11   23, 2016, indicating that plaintiff was housed at the California Health Care Facility ("CHCF") in

12   Stockton, was not housed in a locked-down unit, or a segregated unit, and was not on suicide

13   watch.  (ECF No. 5-2 at 2.)  Dr. E. Harris, a staff psychiatrist, provided a declaration explaining

14   plaintiff's mental health care and ongoing treatment.  (ECF Nos. 5-1 at 1-2.)  The declarations

15   provided with the special response reflect plaintiff expressed enemy concerns at Valley State

16   Prison and California Men's Colony.  (ECF Nos. 5-1 at 1-2; 5-2 at 2.)  Plaintiff did not identify

17   enemy concerns at CHCF.  (ECF No. 5-2 at 2, 14.)  Plaintiff's August 27, 2015 Classification

18   Review reflects that plaintiff is endorsed for sensitive needs yard housing, and expressly states

19   that plaintiff does not meet the criteria for placement in VPP ICF dorm, that VPP cell housing is

20   inappropriate, and the ICC recommended an ICF Cell program.  (ECF No. 5-2 at 11.)  On

21   February 19, 2016, CHCF staff recommended that plaintiff be transferred to Mule Creek State

22   Prison.  (ECF No. 5-2 at 6.)

23   However, plaintiff is now housed at the California Medical Facility, and appears to claim

24   that the nonstop lockdown housing is causing him suicidal ideation.  In light of plaintiff's

25   allegations of a threat of imminent harm, the court asks Supervising Deputy Attorney General

26   Monica Anderson to again address plaintiff's allegations concerning his mental health care and

27   personal safety.

28   ////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Within fourteen days from the date of this order, Supervising Deputy Attorney General

3    Monica Anderson shall address plaintiff's filing (ECF No. 11); and

4    2.  The Clerk of the Court is directed to serve this order and a copy of plaintiff's filing

5    (ECF No. 11) on Supervising Deputy Attorney General Monica Anderson.

6    Dated:  May 23, 2016

7

8    _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

9

10   /rami0234.fb2

3