UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN RAZO RAMIREZ,

Plaintiff,

v.

BRIAN DUFFY, et al.,

Defendants.

No. 2:16-cv-0234 KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By order filed June 30, 2016, plaintiff was granted thirty days in which to file an amended complaint, and was informed that he "must use the court's form for filing a civil rights action." (ECF No. 16 at 10.) Plaintiff was provided the court's form, and given detailed information on how to state cognizable Eighth Amendment claims based on prison medical treatment. (Id.) Plaintiff was also cautioned that he must fully exhaust his administrative appeals as to his claims before raising such claims in this action.

On August 1, 2016, plaintiff filed a four page handwritten document that is not signed or dated by plaintiff, along with 18 exhibits. First, Rule 11 of the Federal Rules of Civil Procedure requires that all filings by parties proceeding without counsel must be signed by the litigant.

Second, the filing does not comply with the June 30, 2016 order because it was not filed on the court's complaint form. Plaintiff is required to file his amended complaint on the complaint form used by our district. Plaintiff must specifically identify the individuals he names as defendants, and must set forth the acts or omissions each individual allegedly did that plaintiff contends violated his Eighth Amendment rights. Plaintiff is not required to file exhibits.

Third, plaintiff is reminded that "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). (ECF No. 16 at 8 n.3.) Plaintiff must allege facts that show each individual subjectively knew his or her act or omission posed an excessive risk to plaintiff's health and safety, yet disregarded such risk. (ECF No. 16 at 8 n.3.) Importantly, a mere difference of opinion between plaintiff and his treating medical professional as to the appropriate mental health care he is provided is not sufficient to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff is not required to cite cases or legal authorities in his pleading.

Fourth, it appears that plaintiff now attempts to raise new claims concerning recent acts or omissions that have occurred since his transfer to the California Medical Facility ("CMF"). For example, plaintiff claims that while he was housed at CMF he was forced to live in a one man cell from April 15, 2016, to June 30, 2016, a total of 76 days, and provided no mental health therapy treatment. (ECF No. 19 at 3.) However, in the June 30, 2016 order, plaintiff was cautioned that he is required to exhaust his administrative remedies as to all claims before he raises such claims in a federal civil rights action. This action was filed on February 5, 2016, concerning 2015 incidents at the California Health Care Facility in Stockton. Incidents that occurred after this action was filed may not be included in any amended complaint.

In using the court's complaint form, plaintiff should only include the facts. He is not required to cite legal authority or provide exhibits.

For all of the above reasons, plaintiff is granted one final opportunity to file an amended complaint on the court's form. Plaintiff is cautioned that failure to timely file an amended complaint on the court's form will result in an order dismissing this action based on his failure to

comply with court orders. Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 1, 2016 filing (ECF No. 19) is stricken;

2. Within thirty days from the date of this order, plaintiff shall submit the following document to the court: An original and one copy of the Amended Complaint filed on the court's form. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order, including a failure to file the amended complaint on the court's form, will result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: August 11, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rami0234.eot